UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1727 PA (MRW)*<br>ED CV 12-1866 PA (MRW) | Date | February 19, 2015 |
|---|---|---|---|
| Title | Anthony Grissom v. County of Riverside | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before the Court is a Motion to Recuse filed by plaintiff Anthony Grissom ("Plaintiff") (Docket No. 97 in Case No. ED CV 12-1866 PA (MRW)). Plaintiff seeks to disqualify United States Magistrate Judge Michael R. Wilner. Plaintiff, who is appearing pro se, has two actions pending in this Court, Case Nos. ED CV 10-1727 PA (MRW) and ED CV 12-1866 PA (MRW). The caption of Plaintiff's Motion appears to seek the disqualification of Magistrate Judge Wilner in both actions. In accordance with General Order 14-03 and Local Rule 72-5, the Motion has been assigned to this Court for determination. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, Local Rule 7-15, and General Order 08-05, the Court finds that this matter is appropriate for decision without oral argument.

    The standard for disqualification of a judge is established by 28 U.S.C. §§ 144 and 455. Section 144 permits a party seeking disqualification to file a "timely and sufficient affidavit" setting forth "the facts and reasons" for the party's belief that "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must "state facts and the reasons for the belief that bias or prejudice exists." Id.; see also 28 U.S.C. § 1746 (providing that wherever "any matter is required or permitted to be supported, evidenced, established, or proved by the sworn . . . . affidavit . . . of the person making the same . . . such matter may, with like force and effect, be supported . . . by the unsworn declaration . . . of such person which is subscribed by him as true under penalty of perjury . . . ."). When determining the legal sufficiency of the affidavit, "the factual allegations in the affidavit must be accepted as true," although "general or conclusory allegations will not support disqualification." United States v. Zagari, 419 F. Supp. 494, 500-01 (N.D. Cal. 1976); see also Hayes v. National Football League, 463 F. Supp. 1174, 1179 (C.D. Cal. 1979) ("Conclusory allegations . . . do not justify disqualification."). The potentially applicable provision of § 455 provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); see also United States v. Hernandez, 109 F.3d 1450, 1453-54 (9th Cir. 1997) ("The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' Ordinarily, the alleged bias must stem from an 'extrajudicial source.'")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1727 PA (MRW)*<br>ED CV 12-1866 PA (MRW) | Date | February 19, 2015 |
|---|---|---|---|
| Title | Anthony Grissom v. County of Riverside | | |

(quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) and Liteky v. United States, 510 U.S. 540, 554-56, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994)).

In Liteky v. United States, 510 U.S. 540, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994), the Supreme Court clarified the interplay between allegations of impartiality, personal bias, and prejudice under sections 455(a) and 455(b)(1):

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. . . .  Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Id. at 555, 114 S. Ct. at 1157, 127 L. Ed. 2d 474.

Plaintiff contends that Magistrate Judge Wilner exhibited "undue bias and prejudice" when he "joined plaintiffs [sic] two case[s] together" and denied Plaintiff's requests for appointment of counsel.  Plaintiff's asserted instances of bias are completely insufficient bases for disqualification.  See Liteky, 510 U.S. at 555, 114 S. Ct. at 1157, 127 L. Ed. 2d 474.  Although the Court's review of the Docket does not reveal a formal consolidation order, the Magistrate Judge did issue an Order Regarding Scheduling in Civil Rights Cases on October 3, 2014, in which the Court referred to both cases in the same order.  Federal Rule of Civil Procedure 42 provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1727 PA (MRW)*<br>ED CV 12-1866 PA (MRW) | Date | February 19, 2015 |
|---|---|---|---|
| Title | Anthony Grissom v. County of Riverside | | |

Fed. R. Civ. P. 42. A court has "broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. U.S. Dist. Court, 877 F.2d 777 (9th Cir. 1989). Here, both of Plaintiff's actions involve claims against the County of Riverside and various Riverside County Sheriff's Department deputies alleging that Plaintiff suffered civil rights violations while Plaintiff was incarcerated in the Riverside County Jail. Magistrate Judge Wilner has not abused his discretion under Rule 42 by consolidating or otherwise coordinating these actions.

Similarly, Magistrate Judge Wilner has consistently applied the correct standard to Plaintiff's repeated requests for appointment of counsel. As Magistrate Judge Wilner has correctly and frequently informed Plaintiff, there is no right to appointed counsel in a civil rights action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). "The decision to appoint such counsel is within 'the sound discretion of the trial court and is granted only in exceptional circumstances.'" Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)). Magistrate Judge Wilner has not abused his discretion by correctly applying the applicable standard to Plaintiff's requests for appointment of counsel.

The Court concludes that Plaintiff is attempting to transform adverse rulings in this case into unsupported charges of bias. If Plaintiff disagrees with the Court's rulings, his remedy is to appeal those rulings, not to seek the disqualification of the judge. See Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) ("A judge's previous adverse ruling alone is not sufficient bias.").

The Court finds that Plaintiff's Motion to Recuse fails to set forth sufficient factual allegations to require disqualification pursuant to 28 U.S.C. §§ 144 and 455, or any evidence tending to show personal bias stemming from an extrajudicial source. Nor is there any basis to believe that any other ground for disqualification exists. Rather, it appears that Plaintiff simply disagrees with the Court's rulings. Accordingly, Plaintiff's Motion to Recuse is denied. This Order applies in both Case No. ED CV 10-1727 PA (MRW) and Case No. ED CV 12-1866 PA (MRW).

IT IS SO ORDERED.